Citation Nr: AXXXXXXXX
Decision Date: 09/29/21 Archive Date: 09/29/21

DOCKET NO. 200514-86032
DATE: September 29, 2021

REMANDED

Entitlement to service connection for obstructive sleep apnea (OSA), to include as secondary to diabetes mellitus, type II, with erectile dysfunction and hypertension, is remanded.

REASONS FOR REMAND

The Veteran had active service from November 1966 to November 1970.

This matter comes before the Board of Veterans' Appeals (Board) from an August 2018 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran submitted a timely VA Form 10182 (Notice of Disagreement) in May 2020 to opt-in to review under the Appeals Modernization Act (AMA) from the April 2020 statement of the case (SOC) issued under the legacy system; and requested the direct review lane by a Veterans Law Judge. Thus, the Board may only consider the evidence in the record at the time of the April 2020 SOC. 

Entitlement to service connection for OSA, to include as secondary to diabetes mellitus type II, with erectile dysfunction and hypertension, is remanded.

In an October 2019 notice of disagreement (NOD) the Veteran asserted that his OSA was due to posttraumatic stress disorder (PTSD) or diabetes mellitus. The Veteran is currently service-connected for diabetes mellitus, type II with erectile dysfunction and hypertension as well as associated peripheral neuropathy of the upper and lower extremities. However, he has not been awarded service connection for PTSD. 

The Veteran was afforded a VA examination in August 2018, but the examiner did not provide a nexus opinion. In an April 2020 VA opinion, the examiner opined that the Veteran's OSA is less likely than not (less than 50 percent probability) proximately due to or the result of Veteran's service-connected condition. The examiner stated obstructive apnea reflects structural abnormalities in the respiratory circuit, the OSA condition is a result of an obstruction in the respiratory passages. Major risk factors for OSA include oropharyngeal collapse or anatomical disorder, crowded oral pharynx (anatomical condition assessed by Mallampati class), age, obesity, family history, male gender, certain ethnicities such as African American race, and upper respiratory disease among others. Per service treatment records, the Veteran's body mass index (BMI), at the time of sleep study was 33.6 Kg/m2 reflecting obesity. The examiner also stated the Veteran has increased weight gain contributing to the elevated body mass index (BMI) which is one of the contributing to obstructive sleep apnea. Medical literature supports a correlation between Central or Mixed/Complex Sleep Apnea and mental disorders, however, there is no present empirical evidence, linking obstructive apnea to any mental disorder in the veteran's STRs. 

Additionally, there is a link between obstructive sleep apnea and hypertension; however, there is no medical research linking OSA due to erectile dysfunction and DM2. Further stating, this Veteran has multiple contributing factors resulting in obstructive sleep apnea, for this reason, the Veteran's obstructive sleep apnea is less likely than not proximately due to or the result of diabetes mellitus, type II with erectile dysfunction and hypertension. Therefore, no nexus or plausible secondary relationship is established. 

However, the examiner failed to offer an opinion on whether the Veteran's sleep apnea is directly related to service in light of the Veteran's statements that he began snoring loudly in service. Moreover, the examiner indicated that there was a link between hypertension and sleep apnea, but did not further explain why the Veteran's hypertension did not cause his sleep apnea. Further, the examiner did not offer an opinion as to whether the Veteran's service-connected disabilities aggravated his sleep apnea. See El-Amin v. Shinseki, 26 Vet. App. 136 (2013). Moreover, the Board notes that VA's Office of General Counsel has held that a claim for secondary service connection may rest on obesity as an intermediary between the claimed secondary disability and the service-connected primary disability. See VAOPGCPREC 1-2017. Here, the VA examiner stated, "the Veteran has increased weight gain contributing to the elevated body mass index (BMI) which is one of the contributing to obstructive sleep apnea." However, there was no opinion as to whether the Veteran's service-connected disabilities caused the Veteran's obesity. As such, this medical opinion is inadequate, which constitutes a pre-decisional duty to assist error. Therefore, on remand, an addendum opinion must be obtained.

The matters are REMANDED for the following action:

Obtain an addendum opinion from an appropriate clinician for the Veteran's claimed OSA. The claims file must be made available to and reviewed by the examiner. A note that such review was completed should be provided in the examiner's report. The need for another examination is left to the discretion of the clinician. The examiner should respond to the following:

a) Whether OSA is at least as likely as not related to an in-service injury, event, or disease. 

In proffering this opinion, the examiner must address the Veteran's lay statements of snoring in service. 

b) Whether OSA is at least as likely as not proximately due to service-connected diabetes mellitus, type II, with erectile dysfunction and hypertension; or aggravated (any incremental increase regardless of permanence) by his service-connected diabetes mellitus, type II with erectile dysfunction and hypertension.

In so opining, please address whether it is at least as likely as not that the Veteran's obesity is caused by or related to the service-connected diabetes mellitus, type II with erectile dysfunction and hypertension. If so, further opine whether it is at least as likely as not that the obesity as a result of the diabetes mellitus, type II with erectile dysfunction and hypertension was a substantial factor in causing or aggravating his sleep apnea. Also, opine whether it is at least as likely ast not that the sleep apnea would not have occurred but for the obesity caused or aggravated by the diabetes mellitus, type II with erectile dysfunction and hypertension.

All opinions should be supported by a clear rationale, and a discussion of the facts and medical principles involved would be of considerable assistance. 

 

J.N. Moats

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board N. Daley, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.